IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL ACTIONS 09-114-KD |
| ) | 00-201-KD |
| MARK GILL,   ) | |
|   Defendant.  ) | |

ORDER

On July 11, 2012, this Court held that the Supreme Court's recent decision in <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), allows Defendant to enjoy the benefit of Congress' decision, manifested in the Fair Sentencing Act of 2010 ("FSA"), to increase the thresholds necessary to trigger the statutory mandatory minimums that apply to crack cocaine offenses. (Doc. 32). Accordingly, the Court set forth in an order its determination that Defendant's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in Case No. 09-114 were due to be granted and that Defendant's term of imprisonment should be reduced from 60 months to 43 months. <u>United States v. Gill</u>, Nos. 09-114-KD & 00-201-KD, 2012 WL 2872107 (S.D. Ala. July 12, 2012).[1] The Government now moves for reconsideration of that order. (Doc. 118).

The Government concedes that <u>Dorsey</u> error may have occurred in Case No. 09-114 because Defendant was sentenced after the FSA's effective date to a term of imprisonment based on the pre-FSA statutory minimum for offenses involving more than 50 grams of crack cocaine.

---

[1] In the same order, the Court held that Defendant was not entitled to any relief in Case No. 00-201. <u>Gill</u>, 2012 WL 2872107, at *2. The Government does not seek reconsideration of that portion of the Court's order that addresses the motion in No. 00-201. Accordingly, in an effort to minimize the potential for confusion, all citations to the record hereinafter will refer only to documents filed in Case No. 09-114).

1

(Id. at 2).   However, the Government challenges 1) this Court's use of § 3582(c)(2) as the procedural vehicle to correct that error; and 2) this Court's calculation of Defendant's amended guideline range.   (Id. at 2-6).   Because the Government's challenges are well-taken, the motion for reconsideration is **GRANTED**.

The Government contends that, in determining whether Defendant's guideline range was lowered by application of Amendment 750 to the Sentencing Guidelines such that the Court could reduce Defendant's term of imprisonment pursuant to § 3582(c)(2), the Court should not have considered the effect of the Supreme Court's decision in Dorsey.   As stated by the Government:

> Were it not for the fact that Gill was sentenced originally to a statutory minimum sentence that trumped his calculated range, this Court would have jurisdiction to reduce his sentence through § 3582(c)(2), as proposed. . . . But correction of an illegal sentence is not cognizable in a § 3582(c)(2) proceeding.  A sentence originally based on a statutory minimum, albeit an incorrect one, cannot be ignored in a § 3582(c)(2) proceeding.

(Id. at 3).[2]   The Government's argument relies principally on Dillon v. United States, 130 S. Ct. 2683 (2010), in which the Supreme Court observed that Section 1B1.10 of the Sentencing Guidelines "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"   Id. at 2687 (quoting U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2009)).   The Government reasons that the effect of an applicable statutory minimum on a sentencing guideline range is a "guideline

---

[2]   Defendant was not, as the Government suggests, "sentenced originally to a statutory minimum sentence."   Rather, the Court granted the Government's motion to depart downward from the then-applicable 10-year statutory minimum.   (Docs. 107 & 108).   After Dorsey, the 10-year minimum is triggered where the offense involves 280 grams or more of crack cocaine. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. V 2011).   However, the 58.27 grams of crack cocaine for which Defendant was held accountable triggers a post-FSA five-year minimum. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. V 2011) (prescribing term of imprisonment of not less than five years and not more than 40 years for offenses involving 28 grams or more of crack cocaine).

application decision" that cannot be revisited in a § 3582(c)(2) proceeding. (Doc. 118 at 4 (citing U.S. Sentencing Guidelines Manual § 5G1.1(b), (c))). The Government also notes that, a decade prior to Dillon, the Eleventh Circuit held that, in recalculating a guideline range pursuant to § 3582(c)(2) and § 1B1.10, "only the amended guideline is changed," and "[a]ll other guideline application decisions made during the original sentencing remain intact." (Id. at 5 (quoting United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000)).

Though the Eleventh Circuit has not yet addressed whether a district court may correct Dorsey error in a § 3582(c)(2) proceeding, its recent post-Dorsey opinions hold firm to the proposition that § 3582(c)(2) are significantly limited in scope and cannot affect an imposed mandatory minimum sentence. See, e.g., United States v. Glover, ___ F.3d ___, 2012 WL 2814303, at *3 (11th Cir. July 11, 2012) ("[A]n amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway."). In this, Defendant was relieved from the mandatory minimum on the basis of his substantial assistance. (Docs. 106 & 107). Nonetheless, inasmuch as the pre-FSA mandatory minimum was the Court's starting point for the sentence imposed, and inasmuch as Dorsey held that the more lenient statutory mandatory minimums set forth in the FSA applies retroactively to defendants like Gill who were sentenced following the FSA's enactment, a sentence reduction appears to be warranted.

Acknowledging that Defendant is entitled to the benefit of the FSA — albeit not by way of § 3582(c)(2) — the Government has suggested that the Court re-characterize Defendant's § 3582(c)(2) motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 118 at 7-8). The Court would be inclined to grant such a motion, vacate

Defendant's sentence, and re-sentence Defendant to a 45-month term of imprisonment, which would represent a 25% departure from post-FSA five-year mandatory minimum.[3]  However, before proceeding along those lines, this Court must first comply with the "prophylactic notice and warning requirement" that the Supreme Court instituted in Castro v. United States, 540 U.S. 375 (2003).  Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010).

In light of the foregoing, and in compliance with the requirements of Castro, the Court hereby advises Defendant of its intention to re-characterize his § 3582(c)(2) motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Defendant is **CAUTIONED** that such re-characterization renders the instant motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions.  Specifically, Defendant is **CAUTIONED** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.  In further compliance with the requirements of Castro, it is **ORDERED** that on or before **Tuesday, September 4, 2012**, Defendant shall advise this court whether he seeks to do one of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claims presented in his motions (Docs. 112 & 116) and waive his right to be present at resentencing;

2. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claims presented in his motions (Docs. 112 & 116) without waiving his right to be present at resentencing;

3. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentences imposed upon him by this Court; or

---

[3]  Though Defendant could insist upon his right to be present and to allocate at resentencing, see United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994), the Government has indicated that, in most cases involving a defendant entitled to a Dorsey resentencing, it "would typically agree to the defendant waiving his presence at such a hearing."  (Doc. 118 at 8 n.4).  Such a waiver by Defendant and agreement by the Government would expedite the entry of amended judgment, insofar as Defendant need not be transported from his place of incarceration and appear at a hearing in open court.

4. Withdraw his motion.

Defendant is **FURTHER CAUTIONED** that if he fails to advise the Court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only the claims presented in the original motions (Docs. 112 & 116).

**DONE** and **ORDERED** this the **7th** day of **August 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**